The opinion of the court was delivered by
Breaux, J.
This was an action to recover damages for injuries alleged to have been sustained through defendant’s negligence. Plaintiff avers: That, on the morning of June 5, 1895, she boarded car No. 34, belonging to defendant company, paid her fare, and, be *832 fore the arrival of the car at the corner of St. Charles avenue and Delachaise street, notified the conductor that she wished to get out at the corner. That the car was stopped, and she was in the act of getting off. That she had two baskets, one small and the other large. That she placed the small basket in a convenient position on the platform, took the large basket on her left arm, took hold of the rail of the car with her right hand and stepped backward, but before she was off the car, endeavoring to place one foot on the ground, the car was put in motion. She was thrown off, and her right hand injured. The defendant filed an exception, averring that plaintiff entered into a compromise, wherein she acknowledged that the sum paid to her was in full payment of all claims. The receipt referred to states, as the declaration of the plaintiff, that the accident was due to her carelessness entirely, not being accustomed to the city cars, and that the defendant was not at fault. The.following is a copy:
“ New Orleans, July 14, 1894.
“ Received, New Orleans, July 14, 1894, from the New Orleans & Oarrollton Railroad Company a donation of ten dollars in full payment of all claims I have or may have against the said’New Orleans & Carrollton Railroad Company for an accident which happened to me on Delachaise and St. Charles avenue. It was no fault of the company or its agents, and was due to my carelessness entirely, not being accustomed to the city cars. This shall be my receipt in full.
her
“ Minerva X Boikens.
mark,
his
“ Mark X Thornton,
mark.
“Witnesses:
“ D. O. Daunoy,
“ J. P. Glynn.”
This exception was referred to the merits, and was, in effect overruled by the verdict and judgment. The defendant anwered, reserving the benefit of the exception, pleading the general denial, and specially averring that the compromise should have been attacked in a separate action, and not referred to the merits. Prior to the filing of the answer, plaintiff filed, with leave of the court, a supplemental and amended petition, setting forth that, at the time she *833 filed her original petition, she did not know of the existence of the-alleged compromise, for the reason that it was procured by fraud and misrepresentation of the defendant and its employees, who thereby imposed upon her ignorance. The plaintiff admits that she signed the receipt and received ten dollars, but affirms that it sets forth a very different contract from the one the defendant says it is. The agents of the defendant, who were present at the time the receipt was signed, testify that everything was explained to her before she signed. Bat this receipt was pleaded, by way of exception,, against plaintiff, as an admission of fault and carelessness, and as an estoppel of further claim.
If the facts attending the fall and consequent injury are as alleged, the plaintiff, an ignorant old woman, is not concluded by this receipt. She was, at the time, in a suffering condition from the effects of the accident, and was presumably inclined to accept small amounts, believing that they would enable her to obtain relief. We can not attach conclusive importance, under the circumstances, to the mark affixed to the receipt by this ignorant old woman. It was a donation, or at any rate, the word “ donation” is written in the instrument signed. In this instrument she declares that she was not accustomed to the city cars, while, in reality, there were employees present who were aware of the contrary; that she was a frequent passenger, “ a patron of the road since many years.” Such a receipt, signed by any one of ordinary intelligence, would be binding and conclusive. It does not seem, as against this plaintiff, for reasons already stated, to be entitled to the weight that it would otherwise have. If the money was received under theimpressioD that it was a gratuity, although, in paying it, it was the intention of the defendant to get the signature-of the plaintiff, under the circumstances here the defendant can not obtain any advantage.
Before taking up and discussing the law points involved, we made a brief summary of the testimony, viz.: The plaintiff, as a witness,, said : That the. car was stopped and that she attempted to alight. She had two baskets, one large and the other small. She took up-the first on her right arm, having previously placed the small basket in a convenient position on the platform, and stepped backward to-get off. She took the rail of the car with her right hand. Her left foot was on the ground, and the other foot on the step of the car, when the car moved off, without giving her sufficient time to alight,. *834 and caused her to slip. She fell on the ground, after having been dragged a short distance. Her right hand and shoulder were badly sprained. Three witnesses have testified in corroboration of this testimony. They are not careful in their statements, and their evidence is at times quite conflicting. They all agree in testifying that the plaintiff had not left the car when the accident happened. The first witness called for the defendant, testifies that she had already left the car, and that she stepped back and made a grasp at the small basket, on the front of the rear fender of the. platform, and was caught on the car and dragged. This witness further says, in answer to questions, that he does not remember putting his head out of the window.' “ Q. Have you ever tried, in one of those electric cars, to see whether you could see the step? A. Never have experimented with them. Q. Don’t you know it would be impossible to see the step from where you were sitting? A. From where I was sitting? Q. Yes; don’t you think it would be absolutely impossible ? A. Not unless I put my head out of the window.” The testimony of another witness for the defendant is substantially similar.
The plaintiff and her witnesses are, in giving their testimony, positive that she had not left the car. The witnesses for the defendant testify that she had already alighted, and that it was in her rushing back to get her basket that the accident happened. During the few moments of an accident, witnesses will seldom agree in regard to the facts, particularly if some one gets hurt. Generally each has his particular impressions, and relates the causes of the accident differently. Here it was the matter of an instant. The most conscientious and alert witness may have thought that she was, at the time, attempting to return to the car, when, inreality, she was holding on, in her fright, to escape from injury. The jury and the judge, who saw and heard the witnesses, and observed the manner of their giving their testimony, have concluded that the plaintiff was a passenger. We are reluctant to disturb their verdict. If she was on the car, as we infer she was, at the time, it only remains for us to apply the law in such cases. Any person actually on the car or in act of getting off, is a passenger, and the company is charged with the duty of looking to his safety ; and this involves the necessity on the part of the conductor of allowing the passenger time to get off the ear. We are constrained to hold that a passenger who is violently thx-own to the ground and injured by a car, too hastily put in motion, *835 is entitled to damages. With reference to the quantum of damages: The injury received was violent, and caused severe pain. She was under medical treatment a number of months. Her attending physician testifies that the ligaments of the wrist joint — that is, the tendons which bind the joints — were sprained and removed from their place. The thumb tendon was also inflamed, and the functions of the fingers very much abbreviated. The pain extended to the elbow and armpit. At first he practised the passive motion; that is, gently moving the hand. Afterward he used the Faradio battery, and afterward applied a plaster cast, which she kept on during four weeks. She had not entirely recovered at the time the suit was tried. We think the amount of the verdict is reasonable, and should be affirmed.
The verdict and judgment of the court are therefore affirmed.